Alvin Lamont DAVIS *v.* STATE of Arkansas

CR 92-575                                         839 S.W.2d 182

Supreme Court of Arkansas
Opinion delivered October 12, 1992

*Paul Johnson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The appellant, Alvin Lamont Davis, was convicted of capital murder and sentenced to life imprisonment without parole in the Arkansas Department of Correction. His sole point of appeal is that the trial court erred in denying his motion for a directed verdict based on insufficient corroboration of the testimony of an accomplice. We find sufficient other evidence connecting Davis to the crime and, therefore, affirm his conviction.

In the early morning hours of February 13, 1991, an attempted robbery took place at the Waffle House on Scott Hamilton Road in Little Rock. David Barnett, an off duty Little Rock policeman, was eating at the restaurant at the time. Samantha Eddings, a waitress, and Chris King, a cook, were also present.

A person later identified as Charles Smith peered into the restaurant from outside, entered, and sat at a booth. A few minutes later, another male entered the restaurant wearing a brown ski mask and carrying a rifle that had a scope attached to it. The person in the ski mask pointed the rifle at Eddings and then at Barnett. Barnett knocked the rifle from his hands separating it from the scope. A struggle ensued in which the masked assailant was joined by Smith. Smith picked up the rifle and started hitting Barnett over the head with it. Barnett then attempted to draw his service weapon. Several shots were fired and Barnett fell. Smith and the masked assailant fled the scene together.

Charles Smith and Alvin Lamont Davis were arrested the next day and charged with capital murder, aggravated robbery, and theft of property. Prior to trial, the charges against Smith were reduced to first degree murder based on his guilty plea and his agreement to testify. Smith received a life sentence.

Ark. Code Ann. § 16-89-111 (e)(1) (1987) provides:

A conviction cannot be had in any case of felony upon

the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

The test for determining the sufficiency of the evidence is whether, if the testimony of the accomplice were eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991). The evidence does not have to be sufficient to sustain the conviction but it must, independent from the testimony of accomplices, tend to a substantial degree to connect the defendant with the commission of the crime. *Evans* v. *State*, 287 Ark. 136, 697 S.W.2d 879 (1985).

At trial, Charles Smith, the accomplice, testified that he was present at the Waffle House on the night of Officer Barnett's murder. He identified Lamont Davis as the same person who came into the restaurant carrying a rifle. Smith stated that the rifle which he recovered from the floor was not loaded and that all four shots came from Barnett's service weapon.

Several other witnesses corroborated the testimony of Smith. Samantha Eddings, the waitress, and Chris King, the cook, identified Charles Smith as the man who came in that night and sat in a booth. Both testified that another man carrying a rifle and wearing a ski mask came in a few minutes later and pointed his gun at Eddings and Officer Barnett. They testified that a struggle took place and Smith picked up the rifle and hit Officer Barnett over the head with it. Both stated that shots were fired and Barnett fell to the ground.

Yolanda Terry, an acquaintance of Davis and the cousin of Smith, testified that Davis and Smith were among a group of people who were at her house on February 13, 1991. She stated that the two men left with a rifle with a scope on it approximately the same time that the murder was committed. Bobby Richardson, an acquaintance of the appellant and Yolanda Terry's brother, testified that Davis and Smith were not at Yolanda Terry's house during the time that Officer Barnett was murdered but that they later appeared. Richardson testified that at Smith's

request he drove them to a location under the Broadway Bridge where Davis got out of the car and threw something in the river which he assumed to be a gun. Also, Diane Carlton, appellant's aunt, testified that on February 14, 1991, Davis told her that he was with Smith at the Waffle House but that he didn't kill anyone.

There is other evidence connecting appellant with the crime. The appellant's fingerprints were matched to fingerprints taken from the inside of the interior door and wall in the foyer of the Waffle House. The shell casings found at the scene were consistent with those test fired from Officer Barnett's service weapon. Also, Officer Barnett's service weapon was recovered by Pulaski County Sheriff's deputies in the approximate location where Bobby Richardson testified that the appellant threw an object into the river.

In sum, there was ample evidence tending to connect the appellant to the crime and the trial court was correct in denying appellant's motion for a directed verdict.

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.