Steven L. FREEMAN *v.* STATE of Arkansas

CR 97–640 959 S.W.2d 400

Supreme Court of Arkansas
Opinion delivered January 15, 1998

*J. Sky Tapp*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. On December 13, 1995, appellant Steven Lynn Freeman was charged with raping Brandi Galley on or about September 15, 1995. Freeman waived his right to a jury trial. After a July 8, 1996 bench trial, he was convicted of rape, a Class-Y felony. Freeman failed to appear for sentencing on four separate occasions. He was finally sentenced on February 18, 1997, to forty years in the Arkansas Department of Correction for the rape conviction. The trial court ordered this sentence to run concurrently with sentences imposed for prior hot-check convictions and the failure to appear charges. From his conviction on the rape charge, Freeman brings this appeal. We find no reversible error and affirm.

On appeal, Freeman alleges that the trial court erred in denying his motion for a directed verdict. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Williams v. State*, 329 Ark. 8, 16, 946 S.W.2d 678, 682 (1997). In

reviewing a denial for a motion for a directed verdict, we view the evidence in the light most favorable to the State and may consider only the evidence that supports the verdict. *Id.* The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Id.* Evidence is substantial if it is forceful enough to compel a conclusion one way or the other beyond speculation and conjecture. *Id.*

■ In his motion at the close of the State's case, Freeman argued that the trial court should direct a verdict in his favor because Galley's testimony was replete with inconsistencies and uncertainties. He generally renewed all of his motions at the close of the evidence. On appeal, Freeman argues that the trial court erred in denying his motion because the State failed to prove that he used forcible compulsion, a required element of the charge. Since this was a bench trial, the defendant was not required to move for a directed verdict to preserve the sufficiency of the evidence issue. *Strickland v. State*, 322 Ark. 312, 317, 909 S.W.2d 318, 320-21 (1995). The defendant was also not required to apprise the court in a bench trial of the particulars of his claim that the evidence is insufficient. *Id.* Therefore, we may consider Freeman's argument on appeal.

Freeman was charged with rape under Ark. Code Ann. § 5-14-103(a) (Repl. 1997), which reads as follows:

> (a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
> (1) By forcible compulsion; . . . .

In the instant case, it was not disputed that Freeman engaged in sexual intercourse with Galley. Rather, the element of "forcible compulsion" was the main issue at trial.

■ The Code defines "forcible compulsion" to mean "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person." Ark. Code Ann. § 5-14-101(2) (Repl. 1997). We have further defined "physical force" as "any bodily impact, restraint or confinement, or the threat thereof." *Strawhacker v. State*, 304 Ark. 726, 731, 804 S.W.2d 720, 723 (1991). The test that we have used to determine whether there was force is "whether the act was against the will of

the party upon whom the act was committed." *Mosley v. State*, 323 Ark. 244, 249, 914 S.W.2d 731, 734 (1996).

On appeal, Freeman asserts that Galley's testimony was insufficient to prove the element of forcible compulsion. In so arguing, Freeman seeks to place this court in the position of reweighing the credibility of the witnesses at the trial court, and this we cannot do.

 It is well settled that appellate courts do not weigh the credibility of witnesses. *Caldwell v. State*, 319 Ark. 243, 246, 891 S.W.2d 42, 44 (1995). Rather than reweighing the evidence presented at trial, we determine whether there is substantial evidence to support the lower court's findings. *Mauppin v. State*, 314 Ark. 566, 568, 865 S.W.2d 270, 271 (1993). We have held many times that the uncorroborated testimony of a rape victim is sufficient to sustain a conviction. *Puckett v. State*, 324 Ark. 81, 87, 918 S.W.2d 707, 710 (1996).

In this case, Galley testified that Freeman forced her into the booth at their place of employment and pinned her down in order to have sexual intercourse. The State offered into evidence photographs of bruises on Galley's upper arms that, according to the examining physician testimony's at trial, were symmetrical and approximately the "size of a thumb." The physician further testified that these bruises would be consistent with someone grabbing Galley by the arms and forcibly holding her down. The trial court premised its finding of guilt upon two pieces of evidence that it considered highly persuasive. First, it looked at the bruises on Galley's arms. Second, it gave weight to the testimony of Galley's boyfriend Kenneth Hall that, during a phone call the evening of the incident, he heard a male voice in the background telling Galley to get off the phone and he heard her responding "get off of me." The trial court concluded that the intercourse was forcibly compelled against Galley's will.

 To affirm, we must find that this evidence is forceful enough to compel reasonable minds to reach the same conclusion as the trial court. *See Williams v. State*, 329 Ark. at 16, 946 S.W.2d at 682. In *Mosley*, where the appellant was likewise challenging the sufficiency of the evidence supporting the forcible-

compulsion element of rape, we again said that a victim's testimony alone will suffice to sustain a rape conviction and need not be corroborated. *Mosley*, 323 Ark. at 249, 914 S.W.2d at 734. We further determined that the victim's testimony in that case, which was corroborated by the testimony of the medical and police examiners, met the test of showing that the act was against her will. *Id*. We said that the trier of fact is free to believe all or part of a witness's testimony. *Id*. at 250, 914 S.W.2d at 734. Noting that the jury obviously chose to believe the victim's testimony over Mosley's, we concluded that the State's evidence was sufficient to prove forcible compulsion. *Id*.

The facts in this case are similar to *Mosley* in that Galley herself testified that Freeman inflicted two bruises on her upper arms, and the examining physician's testimony supported this testimony. The trial court obviously believed Galley's testimony and gave substantial weight to the evidence that the State presented. To the extent that Galley's testimony contained inconsistencies, this is a matter of credibility for the trier of fact to resolve. *Puckett*, 324 Ark. at 87, 918 S.W.2d at 710.

 We conclude that the trial court did not err in finding that Galley's testimony constituted substantial evidence that the act was committed against her will. Accordingly, we affirm.