Michael HENDERSON *v.* STATE of Arkansas

CR 99-6                                    990 S.W.2d 530

Supreme Court of Arkansas
Opinion delivered May 20, 1999

William C. McArthur, for appellant.

Mark Pryor, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

W H. "Dub" Arnold, Chief Justice. The appellant, Michael Henderson, was found guilty of capital murder in the death of Billy Little, attempted capital murder of the victim's brother, Arley Little, and aggravated robbery. He was sentenced to life imprisonment in the Arkansas Department of Correction for the capital-murder conviction. In his first appeal to this court, Henderson challenged (1) the sufficiency of the evidence, (2) the legality of his arrest, and (3) the admissibility of his statement to Pulaski County deputy sheriffs. Holding that appellant's arrest was illegal and, accordingly, that his subsequent incriminating statement was inadmissible, we reversed and remanded for further proceedings. See Henderson v. State, 329 Ark. 526, 953 S.W.2d 26 (1997).

The instant case presents the second appeal in this matter. At his retrial, appellant was again convicted of capital murder, attempted capital murder, and aggravated robbery, and sentenced to life imprisonment for the capital-murder conviction. Accordingly, our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(a)(2) (1998). From this conviction comes the instant appeal, challenging the sufficiency of the evidence. Specifically, appellant contends that the State failed to adequately corroborate

the testimony of appellant's accomplice. We find no merit in appellant's argument, and we affirm.

## I.   Standard of review

█   At the close of the State's case-in-chief, appellant moved for a directed verdict. The trial court denied the motion. On appeal, we treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Freeman v. State*, 331 Ark. 130, 131, 959 S.W.2d 400, 401 (1998) (citing *Williams v. State*, 329 Ark. 8, 16, 946 S.W.2d 678, 682 (1997)). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Freeman*, 331 Ark. at 131-32, 959 S.W.2d at 401 (1998).

██   Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Freeman*, 331 Ark. at 131-32, 959 S.W.2d at 401 (1998). Notably, the evidence may be either direct or circumstantial. *See Gillie v. State*, 305 Ark. 296, 301, 808 S.W.2d 320, 322 (1991). Circumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Gillie*, 305 Ark. at 301, 808 S.W.2d at 322 (citing *Trotter v. State*, 290 Ark. 269, 719 S.W.2d 268 (1986)).

## II.   Sufficiency of the evidence

For his sole point on appeal, appellant argues that the State failed to present sufficient evidence to support his conviction. Specifically, appellant contends that (1) the only evidence implicating appellant in Billy Little's death is the testimony of an accomplice, Gary Harris, Jr., the appellant's second cousin, and (2) the State failed to adequately corroborate this accomplice testimony. Ark. Code Ann. section 16-89-111(e)(1) (1987) provides that:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence

tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

▪ Standing alone, the corroboration for a felony conviction based upon accomplice testimony must be sufficient to establish the commission of the offense and to connect the defendant with it. *Marta v. State*, 336 Ark. 67, 73, 983 S.W.2d 924, 927 (1999) (citing *Peeler v. State*, 326 Ark. 423, 932 S.W.2d 312 (1996); *Gordon v. State*, 326 Ark. 90, 931 S.W.2d 91 (1996)). The test for corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Id*. Notably, circumstantial evidence qualifies as corroborating evidence, but it must be substantial, although not so substantial in and of itself to sustain a conviction. *Id*.

Here, contrary to appellant's assertion, the State presented testimony from several witnesses in addition to his accomplice, Gary Harris, Jr. First, the State offered the testimony of Arley Little, the victim's brother. Arley confirmed that he and Billy were carrying large sums of cash and were in the habit of doing so because they operated a used furniture and appliance business in North Little Rock, Arkansas, and used the cash to make purchases at area auctions.

On their way to an auction on the night of May 7, 1994, Arley and Billy stopped at the Harris home to pick up a refrigerator they had sold to the Harrises that was not working properly. After picking up the refrigerator and refunding the Harrises' money, the Littles left for an auction in DeValls Bluff, Arkansas. After leaving the auction, they began their return trip to North Little Rock on Highway 70. Billy was driving their pickup truck, and Arley was in the passenger seat. Shortly after entering Pulaski County, a car passed the Littles, and Arley thought that his brother had run over a limb. However, Billy told Arley that he had been shot. The car that had just passed them returned, and shots were fired again. The car made a third pass, and more shots were fired. Arley managed to drive the truck to a service station and summon help. Billy subsequently died. Arley recalled that the car was

light-colored and had four doors, but he was unable to see who fired the shots.

Appellant's accomplice, Gary Harris, Jr., testified that he was present when the Littles came to his home to pick up the refrigerator, and that appellant and Gary's brother, Larry Harris, also came by the house that evening. According to Gary, he and appellant got in Gary's white, four-door Nissan Maxima and decided to follow the Littles and rob them along the highway. Gary testified that he drove the car while appellant was in the passenger seat. He reported that appellant brought a backpack containing a ninja mask, a ski mask, and some forearm guards. Gary also acknowledged that his .380 automatic handgun was in the console of the car between the two front seats.

After the Littles left the auction in DeValls Bluff, Gary pulled alongside the Littles' truck. The truck swerved, and appellant began shooting out of the passenger-side window. According to Gary, appellant instructed him to turn the car around and pass by the truck again. Appellant shot at the car again. Gary then turned the car around for a third pass, and appellant fired more shots at the Littles' truck. When Gary and appellant returned to Gary's home, Gary went to his room, but appellant went to Gary's brother Larry's room. Later, Larry came to Gary and asked him where the gun was. Gary reported that it was either in the car or that appellant had it. The next day, Larry told Gary that the gun was thrown away in a drainage ditch. For his involvement in the incident, Gary pled guilty to first-degree murder, attempted capital murder, and attempted aggravated robbery, and is serving an eighty-year prison sentence.

In addition to Arley Little's testimony and the accomplice testimony of Gary Harris, Jr., the State presented the testimony of Gary Harris, Sr., Gary's father and appellant's great-uncle. Gary, Sr., testified that appellant told him that he and Gary were involved in the shooting and that appellant admitted that "Gary was driving the car and [appellant] was doing the shooting." According to Gary, Sr., appellant told him that his motivation was to rob the Littles. Significantly, John Harris, a first cousin to both appellant and Gary Harris, Jr., also testified for the State. John

stated that a few days before appellant's arrest, appellant "told me that he done a drive-by shooting on Highway 70."

Further, the State presented testimony from Deputy Terry Ward, a sergeant with the Pulaski County Sheriff's Office, and Deputy Pete Rushing, also of the Pulaski County Sheriff's Office. Deputy Ward testified that Larry Harris showed him the drainage ditch where he had disposed of the gun, and Deputy Rushing testified that he found a .380 automatic firearm in that ditch. Ron Andrejack, a firearms-toolmark examiner with the Arkansas State Crime Lab, testified that bullets and a shell casing found on Highway 70 at the shooting site were fired from the gun found in the ditch.

■ We have stated that the trier of fact is free to believe all or part of a witness's testimony. *Freeman*, 331 Ark. at 134, 959 S.W.2d at 402 (citing *Mosley v. State*, 323 Ark. at 250, 914 S.W.2d at 734)). Moreover, the credibility of witnesses is an issue for the jury and not for this court. *Marta*, 336 Ark. at 74, 983 S.W.2d at 928 (citing *Sanford v. State*, 331 Ark. 334, 962 S.W.2d 335 (1998); *Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998)). Here, the jury apparently believed the corroborating testimony of Arley Little, Gary Harris, Sr., John Harris, Deputy Ward, Deputy Rushing, and Ron Andrejack.

■ Appellant cites no authority and makes no convincing argument to support his contention that the Harrises committed the murder and determined to implicate him for an act in which he did not participate. Where it is not apparent without further research that the argument is well-taken, we do not consider it on appeal. *Matthews v. State*, 327 Ark. 70, 938 S.W.2d 545 (1997). In any event, although the trial court deemed Gary Harris, Jr., an accomplice, it did not find that Gary, Sr., and John Harris were accomplices. In fact, the trial court rejected a proposed jury instruction declaring Gary, Sr., an accomplice because appellant failed to cite any evidence to support that claim.

■ In light of the foregoing, particularly appellant's admissions to his great-uncle and his cousin, John Harris, we conclude that the State presented sufficient evidence to corroborate the accomplice's testimony and to prove appellant's participation in

the crime. Accordingly, viewed in the light most favorable to the State, there is substantial evidence to support appellant's conviction.

### III.   Rule 4-3(h)

In accordance with Ark. Sup. Ct. R. 4-3(h) (1998), the record has been reviewed for adverse rulings objected to by the appellant but not argued on appeal, and no reversible errors were found. We affirm appellant's judgment of conviction.