## Melvin SHARKEY *v*. STATE of Arkansas

CA CR 99-1263                                    25 S.W.3d 458

Court of Appeals of Arkansas
Division III
Opinion delivered September 13, 2000

*Mike Connealy Marshall*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. After a bench trial, appellant, Melvin Sharkey, was convicted of the crime of residential burglary and sentenced to forty-two months in the Arkansas Department of Correction, to be followed by a suspended imposition of sentence of thirty-six months. For reversal, appellant, who admits he did not make this argument to the trial court, contends

that the evidence was insufficient to support his conviction because the State failed to prove an element of the crime. Specifically, he argues that the State did not establish that he had the requisite intent to commit a felony when he entered the residence.[1] Further, appellant argues on appeal that the evidence was insufficient to support the conviction because his witnesses testified that he was elsewhere at the time the crime was committed and they, rather than the State's witnesses, should be believed. We do not address appellant's former argument because in order to be preserved for appellate review, challenges to the sufficiency of the evidence must be specific. We reject appellant's latter argument because it is based on an erroneous assumption. Thus, we affirm.

At a bench trial, to preserve a challenge to the sufficiency of the evidence on appeal, an appellant must move for dismissal at the close of all of the evidence and "state the specific grounds therefor." Ark. R. Crim. P. 33.1(b) & (c) (2000). "A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient." Ark. R. Crim. P. 33.1(c) (2000). This rule, amended on April 8, 1999, by a per curiam order of the Arkansas Supreme Court, became effective immediately and thus was in effect at the time of appellant's July 6, 1999, trial.

Appellant admits that he failed to specifically argue before the trial court that he lacked the requisite intent to commit a residential burglary. The failure to specifically raise this argument precludes this court from reviewing his argument on appeal. See Ark. R. Crim. P. 33.1 (2000).

Appellant specifically argued to the trial court that his witnesses, and not the State's witnesses, should be believed. On appeal, however, we do not weigh the credibility of the witnesses; rather, we determine whether there is substantial evidence to support the trial court's findings. See, e.g., Freeman v. State, 331 Ark. 130, 959 S.W.2d 400 (1998). Because appellant's argument is based on the improper assumption that this court may assess a witness's credibility, his argument fails.

---

[1] A person commits the crime of residential burglary "if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201(a)(1) (Repl. 1997).

Affirmed.

MEADS and ROAF, JJ., agree.