David Kelly CHAPMAN *v.* STATE of Arkansas

CR 00-795 38 S.W.3d 305

Supreme Court of Arkansas
Opinion delivered February 15, 2001

*Robert L. Herzfeld, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, David Kelly Chapman, was found guilty by a jury of manufacturing a controlled substance, methamphetamine, in violation of Ark. Code Ann. section 5-64-401 (Repl. 1997). Chapman, on parole at the time of his conviction, was sentenced to life imprisonment in the Arkansas Department of Correction and fined $25,000. Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(a)(2) (2000). Appellant raises two points on appeal. First, Chapman contends that the evidence was insufficient to support his conviction. Second, he argues that the trial court erred by admitting evidence of a law-enforcement investigative report as a busi-

ness-record exception to the hearsay rule. We find no merit in appellant's arguments, and we affirm his conviction.

*Background*

On October 22, 1998, Richard Houchin of the Cleburne County Sheriff's office and Bo Hudson, appellant's parole officer in White County, decided to make a "home visit" to Chapman's Cleburne County address. Hudson was unaware that Chapman had a residence in Cleburne County. Prior to the visit, Officer Houchin had received a report from Sonny Kennedy, a sales clerk at the Cleburne County Building Center, that Chapman had purchased materials well-known to be used in the manufacture of methamphetamine. At trial, Kennedy testified that he had seen appellant purchase such items twice.

When Houchin and Hudson arrived at appellant's home, accompanied by several other officers, no one was in the house. They investigated several sheds located on the property and discovered that one was locked. They also discovered a man behind the house, later identified as Bruce Hargrove, who did not have access to either the locked shed or the house but acknowledged that he "stayed there on occasion."

About twenty minutes after the police arrived, Chapman drove up in a Lincoln four door sedan. As Officer Hudson approached him, appellant put his car in reverse and refused to open the door. Eventually, the car stalled and appellant was apprehended. A woman identified as Tracy Weir was in the passenger seat. Officer Hudson reported that he smelled a strong ammonia odor both outside appellant's house and around appellant's car. Subsequently, police searched the car, the house, and the sheds.

According to Chris Harrison, a drug chemist with the State Crime Laboratory, the search revealed all materials necessary for the manufacture of methamphetamine, including pseudoephedrine tablets, starting fluid, sulfuric acid, stripped battery casings, pure lithium, solvents, acetone, mineral spirits, nicotinamide, denatured alcohol, coffee filters, scales, a gas mask, metal fittings, a funnel, strips of plastic tubing, a mini-vac, a tank of anhydrous ammonia, syringes, and trace amounts of methamphetamine on a spoon. A majority of the materials were found in the locked shed. Officers

also discovered a cooler in the back seat of appellant's car that contained 12.739 grams of methamphetamine in oil form. Finally, appellant's fingerprint was found on a can of denatured alcohol.

## I. Sufficiency of evidence

■■ For his first point on appeal, Chapman challenges the sufficiency of the evidence supporting his conviction for manufacturing methamphetamine. When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is any substantial evidence to support it, when viewed in the light most favorable to the State. *Freeman v. State*, 331 Ark. 130, 131-32, 959 S.W.2d 400, 401 (1998). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Id.* Notably, the evidence may be either direct or circumstantial. *Gillie v. State*, 305 Ark. 296, 301, 808 S.W.2d 320, 322 (1991). Circumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other "reasonable" conclusion. *Gillie*, 305 Ark. at 301, 808 S.W.2d at 322 (citing *Trotter v. State*, 290 Ark. 269, 719 S.W.2d 268 (1986)).

Here, Chapman contends that the State failed to introduce any direct evidence that he was involved in manufacturing methamphetamine. He reasons that his purchase of tubing and sulfuric acid, items that can be used in the manufacture of methamphetamine, was a legal purchase. Additionally, he points out that the State offered no proof that these items were used in manufacturing any methamphetamine.

Similarly, Chapman claims that the circumstantial evidence introduced at trial was insufficient to sustain his conviction because another reasonable theory explained the evidence. Appellant suggests that the circumstantial evidence, which consisted of a great deal of methamphetamine–manufacturing materials found around his home and in the car he was driving, actually belonged to his roommate, Bruce Hargrove, and to Tracy Weir. In support of appellant's theory, Weir testified that she was responsible for the materials found in the car and that she and Hargrove were making the methamphetamine. Chapman suggests that because the State

failed to contradict Weir's testimony, which presented a reasonable explanation for the presence of the materials, the circumstantial evidence may not sustain his conviction. As to why appellant's fingerprint was found on a can of denatured alcohol, another item used in manufacturing methamphetamine, Chapman insists that there was no proof that he used the product for manufacturing. Rather, appellant insists that he may have come into contact with the can by simply moving it or throwing it away.

In response, the State points out that it presented evidence found on appellant's property of all of the ingredients, solvents, chemicals, and hardware necessary to manufacture methamphetamine. Further, Sonny Kennedy testified that he saw Chapman twice purchasing items known to be used in manufacturing methamphetamine. Moreover, appellant was detained after driving a car containing a leaking ammonia tank and 12.739 grams of methamphetamine in unprocessed oil form.

■ ■ Chapman's attempted flight at the scene of the search provides additional evidence of guilt. Flight following the commission of an offense is a factor that may be considered with other evidence in determining probable guilt and may be considered as corroboration of evidence tending to establish guilt. *Passley v. State*, 323 Ark. at 301, 306, 915 S.W.2d 248, 251; *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996). Chapman's failure to notify his parole officer of his residence in Cleburne County also suggests an intent to conceal his activities.

■ ■ Further, we cannot say that appellant's explanation for the evidence provided the jury with a reasonable theory to explain its existence. First, Hargrove, Chapman's alleged roommate, did not appear to have access to either the house or the shed where the majority of the materials were located. Second, the jury was free to disregard Weir's testimony that she and Hargrove were responsible for manufacturing the methamphetamine. We have long held that the trier of fact is free to believe all or part of a witness's testimony. *Freeman*, 331 Ark. at 134, 959 S.W.2d at 402 (citing *Mosley v. State*, 323 Ark. at 250, 914 S.W.2d at 734)).

■ The credibility of witnesses is an issue for the jury and not for this court. *Marta v. State*, 336 Ark. 67, 74, 983 S.W.2d 924, 928 (citing *Sanford v. State*, 331 Ark. 334, 962 S.W.2d 335 (1998);

*Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998)). The jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's. *Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998). We have also held that a defendant's improbable explanation of suspicious circumstances may be admissible as proof of guilt. *Goff v. State*, 329 Ark. 513, 953 S.W.2d 38 (1997); *Thomas v. State*, 312 Ark. 158, 847 S.W.2d 695 (1993); *Bennett v. State*, 297 Ark. 115, 754 S.W.2d 799 (1988).

■ In sum, we agree with the State that the evidence presented was sufficient to exclude Chapman's theory that he was an innocent bystander. We also conclude that the jury need not have resorted to speculation or conjecture to find that appellant manufactured methamphetamine. Viewed in the light most favorable to the State, we hold that substantial evidence supports appellant's conviction for manufacturing methamphetamine.

## II. Admission of evidence

Appellant next challenges the trial court's admission of a list of items seized from Chapman's property that was introduced by the State under the business-records exception to the hearsay rule. *See* Ark. R. Evid. 803(6). According to Chapman, the report was inadmissible hearsay and clearly prohibited by Ark. R. Evid. 803(8)(i). Rule 803(8) defines the public-records-and-reports hearsay exception. Notably, subsection (i) carves out from the public-records exception "investigative reports by police and other law enforcement personnel." In light of the plain language of Rule 803(8)(i), Chapman asserts that the trial court erred by admitting the list of seized items. Moreover, appellant argues on appeal that the trial court abused its discretion by allowing the evidence pursuant to Rule 803(6), the business-records hearsay exception, rather than excluding it per Rule 803(8)(i). Chapman also claims that the admission resulted in prejudicial error.

■ ■ On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion nor will we reverse absent a showing of prejudice. *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996), *cert. denied*, 117 S. Ct. 246 (1996). Further, the balancing of probative value against prejudice,

pursuant to Ark. R. Evid. 403, is a matter left to the sound discretion of the trial judge, and his decision on such a matter will not be reversed absent a manifest abuse of that discretion. *Robinson v. State*, 314 Ark. 243, 861 S.W.2d 548 (1993).

The State maintains that appellant's argument is procedurally barred. We agree. Contrary to appellant's arguments on appeal, the record plainly reveals that Chapman actually objected to the report's introduction on the basis that the witness testifying lacked "personal knowledge as to the location" where the items were found. The State sought to introduce the challenged list following the conclusion of chemist Scott Harrison's testimony. Chapman objected. The relevant colloquy follows:

ATTORNEY: You said you dictated this report?

HARRISON: Yes.

ATTORNEY: Ah, and this report says where these items were recovered, is that correct?

HARRISON: Yes.

ATTORNEY: You have personal knowledge that that's where that item was recovered?

HARRISON: Not of every specific item, no.

ATTORNEY: Then I object, Your Honor.

After the State reexamined Harrison, appellant renewed his objection stating, "Same objection not based on his personal knowledge as to the location where it was found." The trial court then admitted the evidence as a business-record exception to the hearsay rule.

In light of the record, we agree with the State that appellant's objection on the basis of Rule 803 is now argued for the first time on appeal and not preserved for appellate review. In fact, the record reveals no objection by appellant that the exhibit was inadmissible as a business record or as an "investigative report by police or other law enforcement personnel." It is well-settled that parties are bound on appeal by the scope and nature of the objections and arguments they presented at trial. *Hill v. State*, 341 Ark. 211, 216, 16 S.W.3d 539, 542 (2000); *Davis v. State*, 330 Ark. 501,

956 S.W.2d 163 (1997) (citing *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995). Accordingly, we cannot say that the trial court abused its discretion by admitting the exhibit pursuant to Ark. R. Evid. 803(6).

### III. Rule 4-3(h)

In accordance with Ark. Sup. Ct. R. 4-3(h) (2000), the record has been reviewed for adverse rulings objected to by the appellant but not argued on appeal. We address the merits of one such ruling regarding appellant's attempt to have the trial court instruct the jury on possession as a lesser-included offense of manufacturing methamphetamine. The trial court refused to give the instruction on the basis that possession was not a lesser-included offense of manufacturing.

 We have acknowledged that it is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by the slightest evidence. *Fudge v. State*, 341 Ark. 759, 767, 20 S.W.3d 315, 319 (2000) (citing *Spann v. State*, 328 Ark. 509, 513, 944 S.W.2d 537 (1997)). However, the trial court may refuse to offer a jury instruction on an included offense when there is no rational basis for a verdict acquitting the defendant of the charged offense and convicting him of the included offense. *See* Ark. Code Ann. section 5-1-110(c) (Repl. 1997). Moreover, it is not error for the trial court to decline to give the proffered instruction on the lesser offense when the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. *Fudge*, 341 Ark. at 767, 20 S.W.3d at 319 (citing *Brown v. State*, 321 Ark. 413, 903 S.W.2d 160 (1995)).

 Here, appellant's defense was that he was entirely innocent of the charged offense, manufacturing methamphetamine. Significantly, where a defendant claims that he is entirely innocent, no rational basis exists to instruct the jury on a lesser-included offense because the jury need only determine whether the defendant is guilty of the crime charged. *See Brown v. State*, 321 Ark. 413, 415-16, 903 S.W.2d 160, 162 (1995). Given our holding regarding the sufficiency of the evidence, appellant was clearly guilty of the greater offense charged and no rational basis existed to instruct the jury on possession.

In light of appellant's defense of innocence and the evidence that he was driving a car with unprocessed methamphetamine, in oil form, we cannot say that the trial court had a rational basis to instruct the jury on possession. Accordingly, we find no prejudicial error in the trial court's refusal to instruct the jury on possession, and we find no other reversible errors in the record. We affirm the trial court and appellant's judgment of conviction.