Rodney E. BARNETT *v.* STATE of Arkansas

CR 01-1384                                          53 S.W.3d 527

Supreme Court of Arkansas
Opinion delivered September 13, 2001

*Daniel G. Ritchey*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. A Mississippi County jury found appellant Rodney Barnett guilty of the capital murder of Lester Frazier for which appellant was sentenced to life imprisonment in the Arkansas Department of Correction. We affirm appellant's conviction and sentence.

In the early morning hours of June 1, 1994, the family of 79-year-old Lester Frazier reported to the Blytheville Police Department that Mr. Frazier was missing from his apartment, and his apartment was in disarray. A member of Mr. Frazier's family had gone to his apartment to pick him up and take him to his place of departure for a trip he had been planning. On June 4, 1994, Mr. Frazier's body was discovered floating in the Mississippi River near Osceola. An autopsy by the State Medical Examiner's Office determined that Mr. Frazier's death was a homicide, primarily caused by blunt trauma to the head.

Donneitha Bradford, who had previously pled guilty to a charge of murder in the first degree for the death of Lester Frazier and had received a forty-year sentence, testified, among other things, that the appellant solicited her assistance in robbing Mr. Frazier and that she went to Mr. Frazier's residence with appellant but that when she left the residence, Mr. Frazier was still alive, and she saw Mr. Frazier and appellant leaving the residence together. Another witness, Larry Black, testified that, while he shared a jail cell with appellant, appellant admitted to his participation in the killing of Mr. Frazier.

Appellant raises the following two arguments on appeal from his conviction:

1) The trial court erred by denying his motions for directed verdict because the testimony of his accomplice, Donneitha Bradford, was not sufficiently corroborated; and

2) The trial court erred by unduly restricting his ability to cross-examine Bradford and impeach another prosecution witness, Larry Black.

## I. Directed-Verdict Motions

A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. See McFarland v. State, 337 Ark. 386, 989 S.W.2d 899, cert. denied, 120 S. Ct. 334 (1999). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. See, e.g., Sublett v. State, 337 Ark. 374, 989 S.W.2d 910 (1999); Freeman v. State, 331 Ark. 130, 959 S.W.2d 400 (1998). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. Id. Notably, the evidence may be either direct or circumstantial. See Gillie v. State, 305 Ark. 296, 301, 808 S.W.2d 320, 322 (1991). Circumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. Gillie, 305 Ark. at 301, 808 S.W.2d at 322 (citing Trotter v. State, 290 Ark. 269, 719 S.W.2d 268 (1986)).

As he did below, appellant argues on appeal that the prosecution failed to corroborate the testimony of Donneitha Bradford.

Arkansas Code Annotated § 16-89-111(e)(1)(1987) requires the testimony of an accomplice to be corroborated in order to convict a defendant of a felony. For purposes of § 16-89-111(e)(1), corroborating evidence is sufficient if, without considering the accomplice's testimony, other evidence at trial independently establishes the offense and tends to connect the defendant with its commission. *See, e.g., Davis v. State,* 310 Ark. 582, 839 S.W.2d 182 (1992). The corroborating evidence does not have to be sufficient, standing alone, to sustain a conviction. *See, e.g., Hogue v. State,* 323 Ark. 515, 915 S.W.2d 276 (1996). Moreover, corroboration can be provided by the acts, declarations, or testimony of the accused. *See, e.g., Daniels v. State,* 308 Ark. 53, 821 S.W.2d 778 (1992).

Although appellant did not testify, a statement that he had given to the Blytheville Police Department was offered into evidence and corroborates the testimony of Donneitha Bradford. In his statement, appellant acknowledged being at the scene with Bradford. He stated that he left Mr. Frazier's apartment with Bradford and Mr. Frazier for the purpose of going to the bank to retrieve some money, using Mr. Frazier's ATM card.

The testimony of State's witness Larry Black provided additional corroboration. Black testified that, while he shared a jail cell with appellant, appellant told him that Donneitha Bradford asked him to help her rob Mr. Frazier, whom she thought would have some money because he was getting ready to leave on a trip. Although appellant claimed to have initially resisted, he admitted to Black that he later did agree to go with Bradford. The plan was for Bradford to enter the house alone and then later let appellant inside. When the two discovered that Frazier did not have any money, they took him to a bank to have him get money, but he refused to do so. Consequently, appellant told Black, they took Frazier out to the Mississippi River and beat him with a rock and nickel-plated .32 pistol until he was dead. They then pushed his body into the river at Osceola.

Appellant, in effect, concedes that Black's testimony adequately corroborated Bradford's, by arguing that the testimony was "totally incredible" and an "outright fabrication." This argument challenges the credibility of the witness. This Court, however, does not determine the credibility of witnesses because that is the job of the trier of fact. *See Harris v. State,* 331 Ark. 353, 961 S.W.2d 737 (1998). The principles of appellate review apply equally to cases in which the claimed deficiency in the prosecution's case is a lack of

accomplice corroboration. *See, e.g., Henderson v. State*, 337 Ark. 518, 990 S.W.2d 530 (1999).

Under these standards, we hold that the evidence at trial was more than sufficient to corroborate Bradford's testimony that she and appellant robbed Lester Frazier, kidnapped him, and later killed him.

## II. *Appellant's Right of Confrontation, Cross-Examination, or Impeachment of Witnesses*

As his second argument on appeal, appellant claims that the trial court violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution with respect to rulings it made concerning his proposed cross-examination of Donneitha Bradford. He also appears to argue under this point that the trial court violated his Confrontation Clause rights a second time by improperly limiting his presentation of evidence that he claims would have further impeached Larry Black.

Before Bradford testified, the prosecution moved in limine to prevent appellant from asking her what sentence she received for pleading guilty to the first-degree murder of Lester Fraizer on the ground that her sentence was irrelevant. Appellant responded that he should be able to impeach her and attack her credibility by exploring why she would plead guilty and accept a forty-year sentence for a murder that she claimed she did not commit. The prosecution, in turn, argued that, if appellant did ask such questions, then the State should be allowed, on redirect, to ask Bradford about having been found guilty by a jury of Frazier's capital murder, a conviction that was reversed and remanded.

After further discussion, the trial court stated that appellant "[c]ertainly" and "[o]bviously" could ask Bradford why she pled guilty to a crime that she claimed she did not commit. It also ruled that it would not prohibit questions about her sentence, but that if appellant asked questions about her sentence, then the prosecution would be entitled, on redirect, to ask her whether she accepted such a sentence to avoid receiving a harsher sentence, such as she had received after her jury trial. Appellant responded that, although the court's ruling allowed him to ask what he wanted, it put him in an "unfair position[.]" During his cross-examination of Bradford, appellant asked her whether she pled guilty to first-degree murder.

16

He did not, however, ask her why she pled guilty to a crime she maintained that she did not commit or what sentence she received. The prosecution did not conduct a redirect examination of Bradford.

On appeal, appellant claims that the trial court violated his Confrontation Clause right to cross-examine Bradford by ruling that, if he asked her about her sentence on cross-examination, then the prosecution could, on redirect, ask her about having been convicted of the capital murder of Frazier. This argument is without merit.

The trial court did not in any way *restrict* appellant's cross-examination of Bradford. It ruled, rather, that he could ask her all of the questions he proposed, including why she would plead guilty to a crime she claimed that she never committed or accept a forty-year sentence. Appellant never *asked* Bradford the former question, even though the trial court ruled that his asking it would not open the door to any questions by the prosecution. His failure to do so was his own strategic decision and did not stem from any alleged error by the trial court.

■ While the trial court's ruling concerning the cross-examination of Bradford about her sentence no doubt left appellant with a tough decision to make, the court in no way restricted his cross-examination, much less in violation of the Confrontation Clause. In the case of *Watson v. State*, 318 Ark. 603, 887 S.W.2d 518 (1994), this Court assumed, without deciding, that barring a defendant from asking his codefendant what sentence she received after pleading guilty violated the Confrontation Clause. The instant case, however, does not present the question left undecided in *Watson* because the trial court here did not prohibit appellant from asking Bradford about her sentence.

Appellant is effectively asking this Court to conclude that the Confrontation Clause protects criminal defendants from having to make strategic decisions about the extent of their cross-examination and bars the prosecution from exploring issues raised on cross-examination during redirect. That, however, is contrary to existing authority. *See, e.g., United States v. Strothers*, 77 F.3d 1389 (D.C.Cir.), *cert. denied*, 519 U.S. 956 (1996)(holding that district court's ruling that, if appellants asked about subject on cross-examination, then government could elicit related information on redirect, did not violate Confrontation Clause because appellants' failure to ask about subject was strategic choice and not limitation on cross-

examination); *see also generally Delaware v. Fensterer,* 474 U.S. 15 (1985)(explaining that Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish[ ]")(emphasis in original).

Appellant's claim with respect to his proposed impeachment of Larry Black similarly lacks merit. Three weeks before he was murdered, Lester Fraizer reported to police that a camcorder had been taken during a burglary of his home. During appellant's cross-examination of Larry Black, he asked Black whether he had ever received a camcorder from Frankie Milton after Lester Frazier's murder or whether Milton owed him any money around the time of the murder. Black testified that he could not recall receiving a camcorder from Milton, but he denied that Milton owed him money at the time. Appellant called Milton as a witness. Although Milton testified about various matters, the trial court excluded, as collateral, his proffered testimony that, just before Lester Frazier's murder, he gave Black a camcorder, allegedly Frazier's, as payment for a debt and that Black, in turn, gave him a rock of crack cocaine. Appellant's only argument for admission of the evidence was that its purpose was to impeach the testimony of Larry Black.

■ On appeal, appellant claims that the trial court committed reversible error by barring his proposed questioning of Milton because the line of inquiry was not collateral. Appellant's argument, however, is not preserved for appellate review because he never challenged below the trial court's assertion that the proposed questioning of Milton was collateral. *See, e.g., Hubbard v. State,* 328 Ark. 658, 946 S.W.2d 663 (1997).

For all of the above reasons, we find no error in the trial court's rulings with regard to appellant's right to confront witnesses.

### III. Rule 4-3(h) Compliance

The record has been reviewed for prejudicial error pursuant to Ark. Sup. Ct. R. 4-3(h), and no reversible errors were found.

Affirmed.