# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3172

_____

Steven Lynn Freeman,        *
       *
        Appellant,        *
       *    Appeal from the United States
    v.        *    District Court for the Eastern
       *    District of Arkansas.
Larry Norris, Director, Arkansas        *
Department of Correction,        *      [UNPUBLISHED]
       *
        Appellee.        *

_____

Submitted: February 28, 2003

Filed: March 5, 2003

_____

Before BYE, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Steven Lynn Freeman was convicted of rape and sentenced to 40 years imprisonment. On direct appeal, the Arkansas Supreme Court affirmed, see Freeman v. State, 959 S.W.2d 400 (Ark. 1998), and Freeman's petition for postconviction relief was denied, as was his August 2000 petition to reinvest the trial court with jurisdiction to consider a petition for a writ of error coram nobis, see Freeman v. State, No. CR 97-640, 2000 WL 1476656, at *1 (Ark. Oct. 5, 2000) (unpublished per curiam).

In October 2001, almost a year after the denial of his August 2000 petition, Freeman filed this 28 U.S.C. § 2254 habeas petition, raising, as he did in the August 2000 petition, a claim under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Freeman argued equitable considerations should toll the one-year statute of limitations application to section 2254 petitions, because the evidence underlying his Brady claim established he was actually innocent. Even assuming the statute of limitations did not begin to run until Freeman obtained the Brady evidence in March 2000, and the limitations period was tolled during the pendency of the state court proceeding from August through October 2000, Freeman still waited nearly seventeen months to pursue his claims in federal court. Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely petition, his reliance on actual innocence to invoke equitable tolling is misplaced. See Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002), petition for cert. filed, (Dec. 30, 2002) (No. 02-8255).

Accordingly, we affirm the judgment of the district court[*] dismissing Freeman's petition as time-barred.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).