2011 Ark. App. 675

**Akin O. WILLIAMS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–291.**

Court of Appeals of Arkansas.

Nov. 9, 2011.

Bobby R. Digby II, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Karen Virginia Wallace, Office of Atty. Gen., Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

₁Appellant Akin O. Williams was convicted of rape by a Hempstead County

jury on November 2, 2010, and sentenced to sixty years' imprisonment. In his four points on appeal, appellant argues that the trial court erred by (1) refusing to grant his motion for mistrial; (2) denying his motion for directed verdict; (3) permitting the introduction of evidence related to his initial refusal to give a DNA sample; and (4) refusing to permit the introduction of the victim's criminal history. We affirm appellant's conviction.

Appellant was charged and tried before a jury on October 25, 2010, for rape. During the prosecutor's voir dire, the following colloquy occurred:

PROSECUTOR: Now, we've got a situation where I don't believe there's going to be any question that the parties engaged in sex that day.

DEFENSE COUNSEL: Your Honor, may we approach?

THE COURT: You may.

DEFENSE COUNSEL: If they're going to put on evidence, this is no time—her statement is incorrect.

THE COURT: Okay. I'll admonish them. I'll take care of it.

THE COURT: Ladies and gentlemen of the jury, disregard that last comment made by the State. That is not the case, please disregard that. This is voir dire and not evidence to be presented at this time. Thank you.

The prosecutor continued her voir dire, explaining at length how to judge credibility, both as to the victim and the defendant, and how to apply the beyond-a-reasonable-doubt standard. After she concluded, the following colloquy occurred:

DEFENSE COUNSEL: Your Honor, I'm going to move for a mistrial.

THE COURT: Denied.

DEFENSE COUNSEL: May I state for the record my reasons for the mistrial?

THE COURT: You may.

DEFENSE COUNSEL: The statements that she made to the jury, I don't believe there is any doubt as to whether—That's like, how can this jury possibly be impartial, I would think that's an element.

THE COURT: I've admonished the jury that these are not—I've just admonished the jury that that's not evidence and they should disregard that comment. You can certainly tell them that that is an issue that you can test strenuously. This is voir dire. This isn't evidence presented.

DEFENSE COUNSEL: That's exactly the basis of that new basically presented evidence here. They basically testified for my client. This panel . . .

THE COURT: I have admonished the jury about that and told them to disregard it. Your motion is denied.

The motion was renewed and denied at the conclusion of jury selection.

The victim, A.A., testified that on November 27, 2009, she was in Hope, Arkansas, partying with acquaintances, one of whom was appellant. After drinking at a club, she, appellant, and Korey Wesley drove to another location to obtain some cocaine. Wesley, with his passengers, then began to drive appellant home. However, Wesley was stopped by police and arrested. Appellant and A.A. were then picked up by appellant's sister and taken to appellant's house, where A.A. made phone calls, trying to get a ride home. When A.A. was unable to obtain a ride, appellant allowed her to stay at his house.

A.A. testified that she was lying on the floor under a blanket, watching television, when appellant tried to persuade her to "sleep with" him, saying that he did not have a girlfriend and she did not have a boyfriend. She refused and asked to use the phone again. Instead of getting the phone for A.A., appellant came up behind

her, choked her, and told her she was going to have sex with him because she had used his drugs. She begged him not to do this and offered him money; he told her to "just shut the 'F' up" and take off her clothes. A.A. said that appellant made her disrobe, then he had sex with her while holding her down against her will. She estimated that the rape occurred for a period of two hours while she cried and prayed. Afterward, he tried to make her bathe to remove any evidence, but she convinced him that it was too cold to bathe and that she would not go to the police.

She testified that she was able to contact a friend to pick her up and take her to another friend's house, where she called a police officer that she knew. The officer sent a deputy to take her to the hospital for a rape examination. At the hospital, she was given a prescription for medication to calm her down. The record notes at several points that she was sobbing as she gave her testimony about the rape. She testified that the rape had negatively affected her life. She identified appellant as her rapist.

Nurse Christie Waller testified that she was working in the Medical Park emergency room when A.A. came in reporting the rape at 9:15 a.m. While Waller saw no bruising, she observed that A.A. seemed to be in shock. Waller collected A.A.'s clothing and performed parts of the rape kit. Waller and the doctor collected oral, vaginal, and rectal swabs, pubic hair, and blood. She turned that evidence over to Heath Ross, an investigator for the Hempstead County Sheriff's Department.

Ross testified that when he arrived at the hospital to see A.A., she was "highly upset, very upset, crying." He collected her clothing and the rape kit from Nurse Waller and sent them to the Arkansas State Crime Laboratory (ASCL) for analysis. He testified that A.A. identified appellant in a photo lineup as the man who had raped her. Ross also submitted to the crime laboratory DNA from an oral swab collected from appellant. He testified that appellant was ordered to submit to a DNA test, but "flat out refused." However, appellant provided the DNA sample after he was ordered to do so the second time.

Ryan Kemp, a forensic serologist at the ASCL, testified that he performed tests on the rape kit that showed semen on the vaginal swabs, rectal swabs, and underwear. Joseph Hof, a DNA forensic analyst for the ASCL, testified that the vaginal swabs indicated DNA from two persons. From a blood sample given by A.A., she could not be excluded as a contributor to part of that DNA. The other major contributor from the vaginal-swab-DNA sample matched appellant's DNA profile. The strength of that match was "quite high" so that Hof "was able to conclude that the DNA identified as a major component of [the vaginal swab] originated from Akin Williams within all scientific certainty."

When the State rested its case, appellant renewed his motion for mistrial stating,

Yes, sir. First of all I'd like to renew my earlier motion for mistrial, would be additional evidence created some doubt about the DNA which further enhances the error made by the Prosecution and risings [sic], there was no question about this critical element of the crime. So I would renew that motion at this time, Your Honor.

The motion was denied. Finally, appellant moved for a directed verdict, claiming that the State had not met its burden of proof as to the elements of intercourse or compulsion. The trial court denied the motion, finding that the State had met its burden to move forward based upon the testimony presented. The defense rested with no

further motions.[1] The jury found appellant guilty of rape and sentenced him to sixty years' imprisonment. Appellant filed a timely notice of appeal, and this appeal followed.

## I. Directed Verdict

Although appellant presents his challenge to the circuit court's denial of his motion for directed verdict as his second point on appeal, we must address such a challenge first for purposes of double jeopardy. *See Sweet v. State,* 2011 Ark. 20, 370 S.W.3d 510. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Sparacio v. State,* 2009 Ark. App. 350, 2009 WL 1154707. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Appellant contends that the trial court erred in denying his motion for directed verdict because the State failed to present sufficient evidence of sexual intercourse or forcible compulsion. Arkansas Code Annotated section 5–14–103(a) (Supp. 2009) provides that "[a] person commits rape if he or she engages in sexual intercourse ... with another person ... [b]y forcible compulsion." "Forcible compulsion" is "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person." Ark.Code Ann. § 5–14–101(2) (Supp.2009). "Physical force" is "any bodily impact, restraint or confinement, or the threat thereof." *Freeman v. State,* 331 Ark. 130, 132, 959 S.W.2d 400, 401 (1998). Force is present if "the act is against the will of the party upon whom the act was committed." *Id.* at 132–33, 959 S.W.2d at 401.

Appellant argues that, even though a victim's testimony alone can be enough for a rape conviction, *see Bishop v. State,* 310 Ark. 479, 839 S.W.2d 6 (1992), A.A. was not a credible witness, and her testimony should be disregarded. He points to A.A.'s prior felony conviction for crack cocaine and her consumption of multiple beers and cocaine on the night of the incident. He asserts that she willingly went to his house and admitted that she did not contact police because of outstanding warrants for her arrest. He further claims that there was no bruising on A.A.; no hair from appellant was found by the forensic serologist; a third person could not be excluded from the vaginal swab, and intercourse could not be conclusively shown between A.A. and appellant from the swab; the scene was not investigated; and A.A. admitted that she knew appellant before she selected him from the photograph lineup. Therefore, he argues that the evidence was insufficient to establish either sexual intercourse or forcible compulsion.

The credibility of witnesses is an issue for the jury and not this court. *Morgan, supra.* The fact-finder is free to believe all or part of the witness's testimony and resolve questions of conflicting testimony and inconsistent evidence. *Id.* Ar-

---

1. Renewal of a directed-verdict motion is not required to preserve a sufficiency challenge on appeal when the defense rests without presenting any evidence. *Robinson v. State,* 317 Ark. 17, 875 S.W.2d 837 (1994).

kansas appellate courts have "continually held that a rape victim's testimony alone is sufficient and is substantial evidence to support a rape conviction." *Hickey v. State*, 2010 Ark. 109, at 2, 2010 WL 745919; *see also Bishop, supra*. Moreover, the uncorroborated testimony of a rape victim is sufficient evidence to support a conviction. *Hickey, supra*. Inconsistencies in a rape victim's testimony are matters of credibility that are solely for the jury to decide, and the jury may accept or reject testimony as it sees fit. *Id.* Accordingly, we find no error in the trial court's denial of appellant's motion for directed verdict, as sufficient evidence was presented to support the verdict.

## |₈II. *Motion for Mistrial*

A mistrial is a drastic remedy and should be declared only when there has been an error so prejudicial that justice cannot be served by continuing the trial and when it cannot be cured by an instruction to the jury. *Sweet, supra; Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). An admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial. *Zachary v. State*, 358 Ark. 174, 188 S.W.3d 917 (2004). The circuit court has broad discretion in granting or denying a motion for a mistrial, and this court will not reverse the circuit court's decision absent an abuse of discretion. *Williams v. State*, 371 Ark. 550, 268 S.W.3d 868 (2007).

Appellant contends that the trial court erred in refusing to grant his motion for mistrial. He argues that the State's impermissible questioning in voir dire was not cured by the trial court's admonition to the jury. He cites *Sanders v. State*, 278 Ark. 420, 646 S.W.2d 14 (1983), where the Arkansas Supreme Court held that even though the prosecutor went beyond the purpose of voir dire, the judgment was affirmed because there was no motion for mistrial or request for an admonition.

Appellant cites his motion for mistrial—made sometime after the trial court's admonition to the jury based on appellant's objection to the prosecutor's comment that there was "no question that the parties had engaged in sex that day." Appellant did not move for mistrial until the conclusion of the prosecutor's lengthy voir dire; however, appellant claims that the trial court erred in denying his motion. He argues that the State improperly attempted to interject evidence and testify on his behalf. He urges that this case is like *Sanders,*|₉*supra*, where the prosecutor exceeded the purpose of voir dire. He contends that the State's tactic was patently inflammatory and an admonishment to the jury was not an adequate remedy. Based on this argument, he asks that the jury verdict be reversed.

We hold that appellant's argument cannot be reached because his mistrial motion was untimely. The Arkansas Supreme Court has been resolute in holding that a motion for mistrial must be made at the first opportunity. *See McCoy v. State*, 2010 Ark. 373, 370 S.W.3d 241. That is because the circuit court must be given the opportunity to correct any perceived error before prejudice occurs. *Id.* Here, defense counsel objected to the prosecutor's statement in voir dire that "we've got a situation where I don't believe there's going to be any question that the parties had engaged in sex that day." The objection merely asserted that the statement was incorrect and that the prosecution could not "put on evidence" during voir dire. The circuit judge agreed, then admonished the jury to disregard the comment. The prosecutor then continued with voir dire. Only when the prosecutor finished her voir dire did defense counsel move for a mistrial. Clearly the circuit judge interpreted defense counsel's mistrial request to con-

cern the prosecutor's earlier statement regarding the expected proof that the parties had sex on the day in question. Defense counsel did nothing to dispel that notion or to protest that his objection had been misunderstood by the court, if indeed that were the case. Thus, because the mistrial motion came much later than the objection, after voir dire had moved on to other topics, it was untimely, and appellant's argument on appeal cannot be reached. *See McCoy, supra.*

### III. *Introduction of Evidence*

The standard of review for evidentiary rulings is that circuit courts have broad discretion and that a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Vance v. State*, 2011 Ark. 392, 384 S.W.3d 515. Rule 402 (2011) of the Arkansas Rules of Evidence provides that irrelevant evidence is inadmissible. Rule 401 (2011) of the Arkansas Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The test of admissibility of evidence over an objection for irrelevancy is whether the fact offered into proof affords a basis for rational inference of the fact to be proved. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). Even if relevant, evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Ark. R. Evid. 403 (2011).

Appellant contends that the trial court abused its discretion and irreparably prejudiced him when it permitted the introduction of testimony related to his initial refusal to submit to a DNA sample. He contends that the evidence was irrelevant and cumulative. He argues that his initial refusal to submit to a DNA sample would not make the existence of any fact of consequence more or less likely, making the evidence irrelevant. He argues that his refusal had nothing to do with whether there was sexual intercourse or forcible compulsion, which are the elements that the State had to prove. Moreover, he claims that the evidence was cumulative, without explaining how.

The State maintains that the trial court did not abuse its discretion by allowing evidence of appellant's initial refusal to submit to a DNA sample. First, the State argues that appellant has changed his argument on appeal. He argued at trial that the evidence was cumulative and did not go to the truth of the DNA matter in any way. He now argues that the evidence was irrelevant and that, even if it were relevant, its probative value would have been substantially outweighed by the danger of unfair prejudice and the presentation of cumulative evidence under Rule 403. Thus, the State contends that the only preserved argument is that the evidence was cumulative. We agree.

We also agree that this evidence is not cumulative, as there is no other evidence of appellant's refusal to give a DNA sample. Further, the State offered this evidence to show consciousness of guilt, not to bolster the accuracy of the DNA evidence. *See Forrester v. State*, 2010 Ark. 291, 2010 WL 2473241 (where the refusal to submit to a chemical test was properly admitted as circumstantial evidence showing a knowledge or consciousness of guilt). Therefore, the trial court's admission of the evidence of appellant's refusal to submit to giving a DNA sample was not an abuse of discretion.

### IV. *Introduction of Victim's Criminal History*

The admissibility of evidence is left to the sound discretion of the trial

court, and its decision will not be reversed absent an abuse of discretion. *Vance, supra.* Appellant contends that the trial court abused its discretion in refusing to allow him to cross-examine the victim about her prior drug conviction or a pending misdemeanor for criminal impersonation based on relevancy.

Under Rule 404(a) (2011) of the Arkansas Rules of Evidence, character evidence cannot be introduced solely for the purpose of proving he or she acted in conformity therewith. However, evidence of a pertinent trait of character of the victim of a crime offered by an accused is admissible. *See* Ark. R. Evid. 404(a)(2). Appellant argues that A.A.'s prior actions go directly to her honesty and should have been permitted for impeachment purposes.

However, appellant's argument is speculative, as he made no proffer of the exact evidence to be admitted or how this evidence of only a single misdemeanor charge would have shown a "pertinent trait of character." Moreover, appellant did not raise the Rule 404(a)(2) argument below, and thus it is not preserved and cannot now be considered. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003).

Affirmed.

VAUGHT, C.J., and MARTIN, J., agree.