

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–11-536

| | | |
|---|---|---|
| MARCUS PATTON | | Opinion Delivered October 23, 2013 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. CR–2010-174] |
| V. | | |
| | | HONORABLE WILLIAM PEARSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

Following a jury trial, appellant was found guilty of aggravated robbery and sentenced to twenty-five years' imprisonment. He argues on appeal that the evidence is insufficient to support his conviction; that the trial court erred in failing to make an inquiry, *sua sponte*, regarding possible racial motivations for juror selection pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986); and that the trial court erred by failing to instruct the jury on a lesser-included offense despite the failure of appellant's attorney to request such an instruction.

Appellant's argument regarding the sufficiency of the evidence is not preserved for appellate review. At trial, appellant made a directed-verdict motion asserting that the evidence was insufficient to prove aggravated robbery because the State failed to show that he used a weapon in the commission of the offense and that the evidence was insufficient to prove that he was an accomplice. On appeal, however, appellant abandons those arguments and instead argues that there was insufficient evidence linking him to the crime as a principal.

SLIP OPINION

A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the circuit court of the specific basis on which the motion is made. *Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. *Id.* Here, because appellant's arguments on appeal were not part of his directed-verdict motion in the circuit court, the arguments are not preserved for our review, and we do not address them.

Next, appellant argues that the trial court erred in failing to make an inquiry, *sua sponte*, regarding possible racial motivation for juror selection pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). He acknowledges that no *Batson* motion was made at trial but argues that this was an instance where the trial court should have intervened despite the lack of an objection pursuant to the third exception to the contemporaneous-objection rule set out in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). We do not agree. We addressed the question of whether *Wicks* permitted a *Batson* challenge to be raised for the first time on appeal in *Hodges v. State*, 27 Ark. App. 154, 767 S.W.2d 541 (1989), and held that it did not.

Finally, appellant argues that the trial court should have intervened pursuant to *Wicks* to present the jury a lesser-included-offense instruction on simple robbery. We do not agree.

> Generally, at least in other than homicide cases, a trial court does not have a duty to instruct on a lesser-included offense when not requested to do so, and the defendant may not complain about one's own neglect in this regard. This position is supported by the view that it is more appropriate for the parties to decide whether an instruction should be given, since this is a matter of trial tactics, with which the court should not interfere. For example, a defendant on trial for murder may prefer to submit an "all

or nothing" murder instruction, hoping that the jury will not convict of the greater offense, rather than have the court instruct on manslaughter, which might result in a "compromise" verdict. If the trial judge proposes to give such an instruction, the defendant may object, waive the instruction, and proceed with an all or nothing approach, although, based on the evidence presented, it may not be an abuse of discretion to overrule the objection.

75A Am. Jur. 2d *Trial* § 1199 (2013). Arkansas has consistently held that the decision of whether to request a lesser–included-offense instruction is a matter of trial tactics with which the courts should not interfere, even if counsel's decision is arguably improvident. A trial court is under no duty to instruct the jury on all possible lesser-included offenses, even in a prosecution for capital-felony murder, where such an instruction is not requested by defense counsel; if counsel concludes that such instruction is warranted, it is incumbent upon counsel to request that instruction. *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182 (1981); *see Henderson v. State*, 281 Ark. 406, 664 S.W.2d 451 (1984).

Affirmed.

GLADWIN, C.J., and WOOD, J., agree.

*Teresa Bloodman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.