SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-13-680

| | |
|---|---|
| REGINALD FITZGERALD NALLS<br>APPELLANT | **Opinion Delivered** October 23, 2014 |
| V. | PRO SE APPEAL FROM THE ASHLEY<br>COUNTY CIRCUIT COURT<br>[NO. 02CR-11-75] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2012, an amended felony information was filed in the Ashley County Circuit Court charging appellant Reginald Fitzgerald Nalls with two counts of delivery of cocaine and two counts of delivery of a counterfeit substance. Following a jury trial, appellant was convicted of one count of delivery of cocaine, and he was sentenced as a habitual offender to 480 months' imprisonment.[1] The Arkansas Court of Appeals affirmed. *Nalls v. State*, 2013 Ark. App. 183.

In 2013, appellant timely filed in the circuit court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). The petition was denied, and appellant now brings this appeal. This court will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Johnson v. State*, 2014 Ark. 74; *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when,

---

[1]The first three counts arose out of three separate controlled buys occurring on January 25, 27, and February 1, 2011, between appellant and a confidential informant. The fourth count arose out of a controlled buy occurring on February 14, 2011, between appellant and another confidential informant. The jury was unable to reach a verdict on the first three counts, resulting in a mistrial.

SLIP OPINION

although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

As his first point for reversal, appellant contends that the circuit court erred in denying the Rule 37.1 petition without holding an evidentiary hearing. Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court denies a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352; *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 ("[W]here no hearing is held on a Rule 37 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief.").

There is no requirement that the court grant an evidentiary hearing on an allegation other than one of specific facts from which it can be concluded that the petitioner suffered some actual prejudice. *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. The strong presumption in favor of counsel's effectiveness cannot be overcome by a mere possibility that a hearing might produce evidence to support an allegation contained in a petition for postconviction relief. *Id.* In the instant case, the circuit court's order addressed the allegations raised in the Rule 37.1 petition in compliance with the requirements of Rule 37.3(a); moreover, it was evident from the

SLIP OPINION

face of the petition and the record that no relief was warranted. *See Lemaster v. State*, 2013 Ark. 449 (per curiam).

In his remaining points on appeal, appellant argues that the circuit court erred in not finding that counsel rendered ineffective assistance in failing to move to sever the charges and failing to object to the prosecutor's statements made during voir dire and closing arguments. When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012

3

Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 385 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

As his first claim of ineffective assistance, appellant argues that counsel was ineffective in failing to file a motion to sever the four charges that were filed against him pursuant to Arkansas Rule of Criminal Procedure 22.2 (2012).[2] In the Rule 37.1 petition, appellant claimed

---

[2]Under Arkansas Rule of Criminal Procedure 22.2, a defendant has a right to sever criminal charges that are joined solely on the ground that the charges are of the same or similar character and do not constitute charges that are part of a single scheme or plan.

SLIP OPINION

that, had counsel moved for a severance of the charges, there is a reasonable probability that the outcome of the proceedings would have been different. The circuit court denied relief on the ground that counsel's decision to not move for a severance was a matter of trial strategy. Because there was no hearing on the merits of appellant's Rule 37.1 petition, however, there is nothing in the record before us to determine whether counsel's decision to not file a motion to sever was one of trial strategy. *See Montgomery*, 2011 Ark. 462, 385 S.W.3d 189.

While we disagree with the circuit court's determination in this particular case that counsel's failure to move for a severance of the charges was one of trial strategy, we nevertheless find no error in the circuit court's denial of relief on this claim. To demonstrate that counsel could have successfully pursued a motion to sever, appellant must show that the charges were not part of a single scheme or plan or that the same body of evidence would not be offered to prove each offense. Ark. R. Crim. P. 22.2(a). In his petition, appellant failed to demonstrate that counsel could have pursued a successful motion to sever the charges and further failed to put forth facts that supported his conclusion that he was prejudiced by counsel's actions. The conclusory statements made by appellant cannot form the groundwork for postconviction relief. *Caery v. State*, 2014 Ark. 247 (per curiam). Thus, we affirm the circuit court's denial of relief on this point. This court can affirm the circuit court if it reached the right result albeit for the wrong reason. *Neal v. State*, 375 Ark. 389, 291 S.W.3d 160 (2009).

We note that, on appeal, appellant contends for the first time that he was entitled to have the charges severed because the charges were not part of a single scheme or plan, and he bolsters his claim of prejudice by adding the allegation that counsel's failure to move for a severance of

SLIP OPINION

the charges "allowed for the charges to prop one another up." On appeal, an appellant is limited to the scope and nature of the arguments he or she made below that were considered by the trial court in rendering its ruling. *Thornton v. State*, 2014 Ark. 113 (per curiam). We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Id.*; *see also Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam); *Hogan v. State*, 2013 Ark. 223 (per curiam).

Appellant's final point on appeal concerns counsel's performance during voir dire and closing arguments. Appellant argues, as he did in the Rule 37.1 petition, that the prosecutor made comments during voir dire and closing arguments, which tended to shift the burden of proof to the defense, and that counsel failed to effectively assist appellant at these stages of the trial.[3] The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Payton v. State*, 2011 Ark. 217 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* To demonstrate prejudice as a result of counsel's failure to object, appellant must have submitted facts to support the proposition that counsel could have raised a specific meritorious argument and that failing to raise a specific argument would not have been a decision supported by reasonable professional judgment. *Cunningham v.*

---

[3]On appeal, appellant does not specify the statements to which he contends counsel should have objected. In the Rule 37.1 petition, however, appellant alleged that the prosecutor's explanation during voir dire of the meaning of reasonable doubt and the prosecutor's comments during closing arguments regarding the lack of evidence put on by the defense were improper and should have been objected to by counsel.

*State*, 2013 Ark. 304, 429 S.W.3d 201 (per curiam).

Appellant's claim that counsel was ineffective in failing to object to the prosecutor's statements during voir dire is not supported by the record. As the circuit court found, the trial record reflects that the prosecutor's explanation of the reasonable-doubt standard was not improper and that the jury was instructed by the court on the appropriate burden of proof and its definition.[4] Jurors are presumed to comprehend and follow court instructions, and appellant has offered nothing in his argument on appeal to overcome this presumption or to demonstrate prejudice beyond a conclusory statement. *Gwathney v. State*, 2009 Ark. 544, 381 S.W.3d 744 (citing *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002)).

Likewise, appellant's claim that counsel was ineffective in failing to object to the prosecutor's statements during closing arguments is also not supported by the record. The trial record reflects that counsel did indeed object to statements made by the prosecutor during the State's closing argument and rebuttal. Specifically, counsel objected on the ground that said statements impermissibly shifted the burden of proof to the defense. To the extent that appellant argues that counsel was ineffective in failing to raise further objections, the matter was settled in appellant's direct appeal. The Arkansas Court of Appeals noted that the prosecutor's statements were not impermissible because they did not shift the burden of proof. *Nalls*, 2013 Ark. App. 183. A proceeding under Rule 37.1 does not allow a petitioner the opportunity to reargue points that were decided on direct appeal. *Sartin*, 2012 Ark. 155, 400 S.W.3d 694 (citing

---

[4]During voir dire, the prosecutor explained what would not constitute reasonable doubt via an analogy. Specifically, the prosecutor elaborated that reasonable doubt would not arise if it were contended by the defense that drugs were planted on a person by aliens if evidence was not also introduced to support that contention.

*Goodman v. State*, 2011 Ark. 438 (per curiam)).

Based on the *Strickland* standard, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. As stated, this court will uphold the judgment of the circuit court denying postconviction relief unless the appellant demonstrates that the judgment was clearly erroneous. To establish that the circuit court erred in finding that counsel was not ineffective, the petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam); *see also Moore v. State*, 2014 Ark. 231 (per curiam). Appellant has not met that burden. Accordingly, the circuit court's order is affirmed.

Affirmed.

*Reginald Nalls*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.