

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-17-216

| | |
|---|---|
| DARRELL EDWARD SANDERS | **Opinion Delivered:** November 1, 2017 |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-15-131] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHRIS E WILLIAMS, JUDGE |
| APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

On August 25, 2016, a Hot Spring County jury convicted appellant Darrell Sanders of two counts of rape. He was sentenced to a total of 42 years' imprisonment in the Arkansas Department of Correction (ADC). On appeal, he challenges the sufficiency of the evidence and argues the circuit court erred in granting the State's motion to admit evidence under Arkansas Rule of Evidence 404(b). For the following reasons, we affirm.

Sanders's victim was fourteen-year-old S.J., who lived with him on weekends in 2014. Sanders appeals his convictions and alleges that the evidence is insufficient to support his second conviction for rape because there was no evidence introduced at trial that he was the guardian of the victim. He also alleges that his now adult daughters' testimony that he had sexually abused them when they were approximately S.J.'s age was improperly admitted under Rule 404(b) of the Arkansas Rules of Evidence.

Although Sanders argues the sufficiency of the evidence in his second point on appeal, double-jeopardy considerations require this court to consider a challenge to the sufficiency of the evidence before the other issues on appeal. *See Jones v. State*, 349 Ark. 331, 78 S.W.3d 104 (2002). To preserve the sufficiency of the evidence for appellate review a defendant must move for directed verdict at the close of the State's evidence and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2016). The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection (a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c).

Sanders did not move for a directed verdict at the close of the State's case, nor did he move for a directed verdict at the close of all evidence. No motion for directed verdict was ever made, which is in contravention of Rule 33.1 of the Arkansas Rules of Criminal Procedure. Thus, Sanders's sufficiency challenge is now barred on appeal.

Sanders also argues that the circuit court erred in granting the State's motion to admit evidence under Rule 404(b) of the Arkansas Rules of Evidence. Before trial, the State filed a motion to admit evidence of prior uncharged incidents of deviate sexual activity or sexual intercourse by Sanders with his two daughters who are now adults. A hearing was held and the State presented the testimony of Sanders's daughters, who made the allegations.

Rulings on the admissibility of evidence are matters within a circuit court's discretion, and those rulings are not disturbed on appeal absent a showing of an abuse of that discretion and prejudice. *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004). "Abuse of discretion is a high threshold that does not simply require error in the trial court's

SLIP OPINION

decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration." *Id.* Evidence of a person's bad acts generally is not admissible to show action in conformity therewith. Ark. R. Evid. 404(b) (2016). Nevertheless, evidence of prior bad acts is admissible if they are independently relevant, that is, relevant to show a material fact other than that the accused is a criminal or bad person. *Spencer v. State*, 348 Ark. 230, 236, 72 S.W.2d 461, 464 (2002).

"Evidence of other crimes, wrongs, or acts . . . may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, . . . or absence of mistake or accident." Ark. R. Evid. 404(b). Our supreme court has recognized for over a century a "pedophile exception" under which evidence of an accused's prior sexual conduct with children is admissible "not for the purpose of proving a substantive crime, but to show the relation and familiarity of the parties, their disposition, and antecedent conduct towards each another, and as corroborative of the testimony of the [victim]." *Williams v. State*, 103 Ark. 70, 78, 146 S.W. 471, 474 (1912). Such testimony is admissible "when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship." *Parish v. State*, 357 Ark. 260, 268, 163 S.W.3d 843, 847 (2004). It is also admissible when it helps to show the depraved sexual instinct of the accused. *Id.* For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct. *Allen v. State*, 374 Ark. 309, 316, 287 S.W.3d 579, 584 (2008) (citing *Hamm v. State*, 365 Ark. 647, 652, 232 S.W.3d 463, 468 (2006)).

In Sanders's case, the victim, S.J., and Sanders's two daughters, all were

approximately the same age when Sanders raped them. S.J. was fourteen. One daughter was thirteen, and the other daughter remembers being eleven or twelve when the sexual abuse started. Moreover, S.J. and the daughters were all raped by Sanders in similar locations: a car, a church, and in Sanders's home. All were vaginally raped. The pedophile exception to Rule 404(b) is fully applicable here; we hold that the circuit court did not abuse its discretion in admitting the evidence. Accordingly, we affirm Sanders's convictions and sentences.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Stuart Vess*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.