RAYMOND R. ABRAMSON, Judge
In 2016, a Hot Spring County Circuit Court jury convicted appellant Darrell Sanders of two counts of rape. He was sentenced to a total of forty-two years' imprisonment in the Arkansas Department of Correction (ADC). We affirmed on his direct appeal. Sanders v. State , 2017 Ark. App. 567, 533 S.W.3d 130. Sanders subsequently filed in the circuit court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 alleging that his trial counsel was ineffective for failing to move for a directed verdict on the forcible compulsion count of rape. After holding a hearing, the circuit court denied the petition. Sanders now brings this appeal, arguing that his trial counsel was ineffective for failing to move for a directed verdict.
*79 When reviewing a circuit court's ruling on a Rule 37.1 petition, we will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. Kemp v. State , 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id.
The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Norris v. State , 2013 Ark. 205, 427 S.W.3d 626 (per curiam). A Rule 37 petitioner's ineffective-assistance-of-counsel claims are analyzed under the two-prong standard set forth in Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a petitioner to show that his counsel's representation was deficient, and he suffered prejudice as a result. "Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable." State v. Barrett , 371 Ark. 91, 96, 263 S.W.3d 542, 546 (2007).
Pursuant to Strickland and its two-prong standard, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. Williams v. State , 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness, such that counsel committed errors so serious as to not be functioning as counsel at all. Flores v. State , 350 Ark. 198, 205-06, 85 S.W.3d 896, 901 (2002). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Springs v. State , 2012 Ark. 87, 387 S.W.3d 143. The burden is on the petitioner to overcome this presumption by identifying specific acts or omissions by counsel that could not have been the result of reasoned professional judgment. Bond v. State , 2013 Ark. 298, at 7-8, 429 S.W.3d 185, 191-92.
Second, the petitioner must show that, considering the totality of the evidence before the fact-finder, counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. Springs, supra . The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Howard v. State , 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Here, Sanders's ineffective-assistance-of-trial-counsel claim fails under the Strickland standard.
In its March 15, 2018 findings of fact and conclusions of law, the circuit court found that substantial evidence had been presented to the jury on the rape charges, and therefore, "the Court had no right to intercede and enter a directed verdict." We agree. Evidence presented at trial established, among other things, that Sanders trapped the minor victim in his van, *80 which was parked behind a local Walmart. While parked behind the Walmart, Sanders vaginally and anally raped the victim.
Arkansas Code Annotated section 5-14-101(2) (Supp. 2017) defines forcible compulsion as "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person." "Physical force" is "any bodily impact, restraint or confinement, or the threat thereof." Freeman v. State , 331 Ark. 130, 132, 959 S.W.2d 400, 401 (1998). Force is present if "the act is against the will of the party upon whom the act was committed." Williams v. State , 2011 Ark. App. 675, at 6, 386 S.W.3d 609, 613. We agree with the State's assertion that the act of confining the victim in a van at a place where the van cannot be seen for the purpose of raping her is "restraint" such that it qualifies as physical force under the statute.
When it is asserted that counsel was ineffective for the failure to make a motion or an argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. Chunestudy v. State , 2014 Ark. 345, at 4, 438 S.W.3d 923, 927-28. In Sanders's case, a directed-verdict motion would have been unsuccessful because the circuit court, having seen and heard all the evidence, expressed in its order denying Rule 37 relief that it would not have granted a directed-verdict motion. In addition, there was evidence of forcible compulsion--specifically from the minor victim. Considering the totality of the evidence adduced at trial, we cannot say that the circuit court erred in holding that counsel was not ineffective for failing to make a motion for directed verdict.
Sanders did not demonstrate that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial; accordingly, we hold the circuit court did not err in declining to grant relief under Rule 37.1 and affirm.
Affirmed.
Glover and Brown, JJ., agree.