Cite as 2019 Ark. App. 354

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-18-891

| | | |
|---|---|---|
| JERAN KYLER SORUM | APPELLANT | **Opinion Delivered:** September 4, 2019 |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-14-415] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BRAD KARREN, JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

A Benton County Circuit Court jury convicted appellant Jeran Kyler Sorum of rape, second-degree sexual assault, and first-degree computer exploitation of a child. He was sentenced to an aggregate term of twelve years in prison, and his conviction was affirmed on appeal. *See Sorum v. State*, 2017 Ark. App. 384, 526 S.W.3d 50. This appeal stems from the trial court's denial of Sorum's subsequent Rule 37 petition and related motions and the trial court's decision to strike the subsequent petition. We affirm.

I. *Relevant Facts*

On September 28, 2017, Sorum filed a ten-page petition for postconviction relief in which he raised three claims: (1) trial counsel was ineffective for failing to file a motion to dismiss on double-jeopardy grounds; (2) trial counsel was ineffective for failing to make a meritorious directed-verdict motion regarding the offense of computer exploitation of a

child; and (3) trial counsel was ineffective for failing to argue that rape required the State to prove sexual gratification in addition to penetration. The same day, Sorum filed a motion for leave to file an enlarged Rule 37 petition arguing that the ten-page limit was insufficient for the additional issues he wished to raise. The trial court did not rule on the motion.

On December 28 Sorum filed an amended, twenty-two-page Rule 37 petition that included two additional issues. On January 30, 2018, the trial court entered an order striking Sorum's enlarged petition and finding that Sorum filed the overlength petition without leave of the court. The court concluded that the strict requirements on the form of a Rule 37.1 petition are reasonable and proper. The court also found that Rule 37's procedural requirements do not violate due process, and the petition failed to comply with those requirements.

On February 7, Sorum filed a motion for reconsideration of the motion for leave to file an amended and enlarged petition stating that

> [t]he Petitioner has two issues to present in good-faith in his Rule 37 Petition that were unable to fit within the ten-page original petition. Those issues regarding accomplice corroboration and the rape shield hearing are legitimate and unable to be presented. Those issues can best be seen by looking at the amended and enlarged Rule 37 Petition and comparing it with the initial Rule 37 Petition.

The trial court denied the motion, reiterating the previous conclusion that "it is not a violation of petitioner's due process rights nor is it fundamentally unfair for this court to adhere to strict requirements on the form of a Rule 37.1 petition."

On April 2, Sorum filed a motion for leave to file an amended ten-page petition, stating that he had "culled" his original three arguments and the two additional points he

wished to make. He attached the amended petition to the motion. The next day, the trial court struck the amended petition stating that "this court finds no change of circumstances from the previous ruling of this court as stated in its order, January 30, 2018, and that the hearing in this matter on April 27, 2018, will not be continued in order to allow the State additional time to respond to an amended petition." The same day, Sorum filed a motion for reconsideration, asserting that the State "has been well aware of these additional arguments for months based on prior pleadings," and he contended that the allotted response time was only twenty days and that it was twenty-four days until the hearing.

On April 4, the trial court entered an order denying the motion to reconsider, finding no change of circumstances from the previous rulings. Additionally, the court prohibited Sorum from filing any further motions concerning an amended Rule 37 petition. After a hearing the court denied the petition. Sorum timely filed a notice of appeal.

II. *Standard of Review and Applicable Law*

When reviewing a trial court's ruling on a Rule 37.1 petition, we will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id*.

The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the

3

adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). A Rule 37 petitioner's ineffective-assistance-of-counsel claims are analyzed under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a petitioner to show that his counsel's representation was deficient, and he suffered prejudice as a result. "Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable." *State v. Barrett*, 371 Ark. 91, 96, 263 S.W.3d 542, 546 (2007).

Pursuant to *Strickland* and its two-prong standard, first a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness, such that counsel committed errors so serious as to not be functioning as counsel at all. *Flores v. State*, 350 Ark. 198, 205–06, 85 S.W.3d 896, 901 (2002). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. The burden is on the petitioner to overcome this presumption by identifying specific acts or omissions by counsel that could not have been the result of reasoned professional judgment. *Bond v. State*, 2013 Ark. 298, 429 S.W.3d 185.

Second, the petitioner must show that, considering the totality of the evidence before the fact-finder, counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Springs*, *supra*. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

### III. *Discussion*

First, we address the three claims of ineffective assistance of counsel Sorum raised in his original petition. For his first argument on appeal, Sorum contends that trial counsel was ineffective for not moving for dismissal of the charge of second-degree sexual assault. He asserts that his conviction for rape and second-degree sexual assault constitutes a double-jeopardy violation because sexual assault is a lesser-included offense of rape. Sorum is correct that second-degree sexual assault is a lesser-included offense of rape; however, in *Small v. State*, 371 Ark. 244, 254, 264 S.W.3d 512, 518 (2007), our supreme court held that "where the acts were of a different nature, a separate impulse was necessary and there were separate

offenses."[1] At trial, the State argued that the sexual assault and the rape were distinctly separate acts, were separate in time, and required separate impulses.

At the Rule 37 hearing, counsel testified that

[o]nce we knew we weren't talking about a penis in a vagina type of rape, the foreign object, the broomstick in this case, then it cleared up for everyone the path the case would be taking. It solved the problem of the question of hey, this could be a double-jeopardy issue because in some circumstances sexual assault two is a lesser included of rape. I had argued several times in meeting how they are going to get past a double-jeopardy situation because you can't have both. Our argument all along was

---

[1]Arkansas Code Annotated section 5-1-110 (Repl. 2013) provides the criteria for determining whether an offense is a lesser included offense of another, and it provides that

(a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense if:

(1) One offense is included in the other, as defined in subsection (b) of this section

. . . .

(b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(1) It is established by proof of the same or less than all of the elements required to establish the commission of the offense charged.

Arkansas Code Annotated section 5-14-103 (Supp. 2017) provides in pertinent part that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion who is incapable of consent because he or she is physically helpless or mentally incapacitated. Arkansas Code Annotated section 5-14-125 provides that a person has committed second-degree sexual assault when he or she engages in sexual contact with another person by forcible compulsion; or engages in sexual contact with another person who is incapable of consent because he or she is physically helpless or mentally incapacitated.

that it was neither, that Sorum didn't commit any rapes. At the pretrial hearing where it was stipulated that it would be about the broomstick, at that point we all agree there's not a double-jeopardy problem because two separate touchings if you will with the broomstick.

At the trial, the State present evidence of two separate touchings—one constituting rape and the other constituting second-degree sexual assault—including (1) a video showing Sorum touching K.G. with a broomstick over her clothes; (2) Sorum's testimony that he prodded K.G. with a broomstick in her "thigh region"; (3) Detective Lira's testimony that the video shows that Sorum prodded K.G. in her anal and vaginal areas and that he could be heard on the video saying, "'should we really put a condom on it and fuck her with it? You gotta hold her shorts,'", "'I want to fuck that again, Drew,'", "'Watch this. This is redneck fucking, dude.'"; (4) Drew Wall's testimony that Sorum removed K.G.'s clothes and penetrated K.G. with a broomstick; and (5) testimony from three witnesses that Sorum told them that he penetrated K.G. with a broomstick.

The State presented evidence of separate impulses comprising separate acts conforming with the definitions of rape and second-degree sexual assault; thus, Sorum's assertion that a motion to dismiss on the charge of second-degree sexual assault based on a double-jeopardy violation would have been successful is unpersuasive. When it is asserted that counsel was ineffective for the failure to make a motion or an argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Sanders v. State*, 2018 Ark. App. 604, at 4, 567 S.W.3d 76, 80.

7

Sorum's second argument on appeal is that counsel was ineffective for failing to move for a directed verdict on the offense of computer exploitation of a child on the correct grounds. Specifically, Sorum contends that counsel failed to argue that the State did not offer sufficient evidence that he engaged K.G. in sexually explicit conduct in the video recording, and counsel did not assert that the State failed to present evidence that Sorum knew, had reason to know, or intended the conduct to be filmed. Sorum contends that if counsel had made the directed-verdict motion on these grounds, the trial court would have granted the motion. We disagree.

In our opinion affirming Sorum's conviction, we found that appellant's insufficiency-of-the-evidence argument was not preserved. *See Sorum*, 2017 Ark. App. 384, at 11–12, 526 S.W.3d at 56–57[2]. We held that

> [b]elow, Sorum argued that "sexually explicit conduct" must refer to "deviate sexual activity," which requires the element of penetration and that evidence of penetration was lacking. His argument on appeal has changed, and Sorum relies on the subchapter definitions under Ark. Code Ann. § 5-27-302. He argues that K.G. was not engaged in "sexually explicit conduct" as defined by section 5-7-302(4) in that (1) the State alleged that actual conduct occurred—not simulated, and (2) the conduct alleged to

---

[2]A person commits computer exploitation of a child in the first degree if the person causes or permits a child to engage in sexually explicit conduct and knows, has reason to know, or intends that the prohibited conduct may be photographed, filmed, reproduced, reconstructed in any manner, including on the Internet, or part of an exhibition or performance. Ark. Code Ann. § 5-27-605(a)(1) (Repl. 2013). "Sexually explicit conduct" means actual or simulated sexual intercourse or deviate sexual activity, and other acts not relevant here. Ark. Code Ann. § 5-27-601(15). "Deviate sexual activity" means any act involving the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-27-601(7)(B).

have occurred did not make it appear to a reasonable viewer to be "(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, (B) bestiality, (C) masturbation, (D) sadomasochistic abuse for the purpose of sexual stimulation, or (E) lewd exhibition of the genitals or pubic area of any person or the breast of a female." Ark. Code Ann. § 5-27-302(4).

Subchapter 3's title is the "Arkansas Protection of Children Against Exploitation Act of 1979." Ark. Code Ann. § 5-27-301. Subchapter 6 involves computer crimes against minors. Each subchapter has its own definitions section. Although there are similarities, we are dealing with subchapter 6 and not 3. Therefore, we cannot address what amounts to a new argument for the first time on appeal, and Sorum has abandoned his challenge regarding penetration under "deviate sexual activity" as defined by Ark. Code Ann. § 5-27-601(7)(B).

Sorum also argues for the first time on appeal that there was no evidence that he knew, had reason to know, or intended the conduct would be filmed. A directed-verdict motion requires the movant to apprise the trial court of the specific basis on which the motion is made. *Patton v. State*, 2013 Ark. App. 583. Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. *Id*.

According to appellant, had counsel made a more specific motion for directed verdict regarding "sexually explicit conduct" as defined by subchapter 6—that the video did not depict conduct involving sexual intercourse, deviate sexual activity, bestiality, masturbation, lewd exhibition of genitals, sadomasochistic abuse, or simulated sexually explicit conduct— "the trial court would have been obligated to dismiss the charge and the outcome would have been different." Sorum's argument fails.

To prevail on a claim of ineffective assistance of counsel based on counsel's failure to preserve an issue for appeal, a petitioner must show that had the issue been preserved, the appellate court would have reached a different decision. *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294. In the instant case, therefore, Sorum must demonstrate that the appellate court

would have found that the evidence adduced at trial was insufficient to support a conviction and would have overturned his conviction for that reason. *Id.*

Here, the State presented evidence to support Sorum's conviction of computer exploitation of a child including video showing the broomstick touching K.G. and Detective Lira's testimony that the video showed the broomstick "going in the vaginal area, as well as the anal area" over K.G.'s clothes. Moreover, Sorum testified that he prodded K.G. with the broomstick around her thigh area. It was the duty of the jury to view the video and determine if actual or simulated penetration of K.G.'s vagina or anus occurred. Though Sorum asserts that the video does not show any penetration or simulated penetration, it is the jury's duty to weigh the evidence and resolve contradictions and conflicts in testimony; in doing so, the jury may accept testimony it believes to be true and disregard testimony it believes is false. *Coleman v. State*, 314 Ark. 143, 860 S.W.2d 747 (1993). Viewing the evidence in the light most favorable to the State, we hold that the evidence is sufficient to support a conviction, and counsel was not ineffective for failing to preserve the sufficiency-of-the-evidence issue for appeal.

Furthermore, the State presented evidence that Sorum had reason to know that the cell phone may have been recording video of his actions against K.G. Sorum testified that when he and Wall entered the room where K.G. was sleeping, "yes, we were recording, I think. About the time we walked into the door we were probably recording." Because the State presented some evidence to support its contention that Sorum knew or had reason to know the cell phone may have been recording, trial counsel was not ineffective for failing

10

to move for a directed verdict on the offense of computer exploitation of a child on these grounds.

For his third argument on appeal, Sorum contends that counsel was ineffective for failing to inform the jury that rape includes the element of sexual gratification. *See* Ark. Code Ann. § 5-14-101(1). During closing argument, counsel stated, "If you feel, after watching that video, that her labia majora was penetrated, then you're going to find Jeran Sorum guilty of rape." Sorum contends that counsel's statement eliminates the element of sexual gratification; thus, counsel conceded one of the key elements of the offense of rape. We disagree.

At the hearing, counsel explained that because the transcript of the video was not favorable to Sorum and tended to support a finding of Sorum's sexual gratification, counsel chose to avoid calling attention to the transcript. Counsel stated, "I did say our theory was that it was a prank of getting drunk and messing with another kid like writing on the forehead and that would go to sexual gratification not toward penetration." Counsel also stated that he did not want to give the jury a reason to refer back to the transcript of the video because "it was 50/50 whether the jury would buy it. . . . If we can show [Detective] Lira was the source of the transcript and then point out the error of the transcript, they'll disregard the transcript and focus on the video. The theory was the video doesn't show anything."

The State presented testimony at the hearing that counsel did not do away with the element of sexual gratification but instead chose to focus the jury's attention on the element

of penetration as a matter of trial strategy; thus, the trial court did not clearly err in rejecting Sorum's ineffective-assistance-of-counsel claim.

When a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477. Counsel wished to avoid referring the jury to the transcript of the video containing Sorum's statements that support a finding of sexual gratification—"I want to get in that ass," "I want to fuck that again," and "Give me the condom, you know we are going to fuck her with a broomstick." Moreover, during closing argument, counsel stated, "Let's talk about here just a little bit the first charge, rape. Now, I'm not going to rehash all the elements. You heard and saw them on the Power Point. They're on the jury instructions." Counsel directed the jurors to the complete jury instruction regarding the offense of rape, and jurors are presumed to comprehend and follow court instructions. *See Nalls v. State*, 2014 Ark. 434, at 7, 445 S.W.3d 509, 515.

We now turn to Sorum's arguments regarding the Rule 37 petitions themselves. First, Sorum asserts that the trial court erred by denying his request to file an enlarged petition; however, the trial court never ruled on his motion to amend and enlarge the petition. The burden is on the movant to obtain a ruling from the trial court, and a ruling cannot be presumed. *Barton v. State*, 366 Ark. 339, 341, 235 S.W.3d 511, 513 (2006). The State correctly asserts that this issue is not preserved; thus, we do not address it on appeal.

Second, Sorum contends that the trial court was required to accept the April 2 ten-page amended petition after the trial court had struck the December 28 petition. To support his argument, Sorum relies on *Butler v. State*, 367 Ark. 318, 324, 239 S.W.3d 514, 519 (2006), in which our supreme court held that

> when seeking to file a petition in excess of the ten-page limit provided in Ark. R. Crim. P. 37.1(b), a motion must set forth a legitimate ground or justification for an enlarged petition. Here, appellant's counsel did not seek to file an enlarged petition. Rule 37.2(e) contains no such prerequisite and requires only that a petitioner file the motion for leave to amend before the trial court acts on the original petition. Furthermore, appellant's attempt to amend his postconviction petition did not occur on the day of the Rule 37 hearing.

Arkansas Rule of Criminal Procedure 37(e) provides that "before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court." Recently, in a footnote in *Robinson v. State*, 2018 Ark. 406, at 2 n. 1, this court held that "Rule 37.2(e) provides that the petition may be amended before it is acted on if the court grants permission to file an amended petition." *Butler* neither overrides the requirement that the court grant leave nor divests the court of discretion to grant leave. The trial court struck the amended petition because it found "no change in circumstances from the previous ruling" and additionally because "the hearing in this matter on April 27, 2018, will not be continued in order to allow the State additional time to respond to an amended petition." In his motion to reconsider, Sorum asserted that the State was already aware of the additional arguments he wished to raise. Sorum also claimed that the State had not shown that additional time would be necessary because the State was allotted twenty days to respond to the amended petition, and the hearing would take place in twenty-four days. The trial court

denied the motion for reconsideration again stating that it found "no change in circumstances" from its January 30 ruling and forbade Sorum from submitting any additional motions regarding the matter.

As we previously stated, the standard for reviewing a trial court's decision to strike an amended motion is abuse of discretion. *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004). Here, we cannot say that the court acted arbitrarily, thoughtlessly, groundlessly or without due consideration, and we affirm. Because we hold that the trial court did not abuse its discretion in striking Sorum's amended petition, we need not reach the issues raised therein.

Affirmed.

HARRISON and KLAPPENBACH, JJ., agree.

*Short Law Firm*, by: Lee *D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.